The National City Bank of New York, Appellant, *v.* Registrar of Property of Mayagüez, Respondent.

No. 880. Submitted January 9, 1933.—Decided January 20, 1933.

*Oscar Souffront* for appellant. The registrar did not appear.

Mr. Justice Aldrey delivered the opinion of the Court.

This appeal has been taken from a decision of the Registrar of Property of Mayagüez refusing to enter notice of an attachment levied on any interest held by Francisco del Moral, as heir of Mrs. Carmen Nadal Freyre, in three pieces of property belonging to her which were awarded to, and are now recorded in favor of, The People of Puerto Rico by virtue of a tax sale.

In support of the appeal it is argued that, as those properties are redeemable under the law, so long as the term prescribed by law for the redemption does not expire, the taxpayer does not lose his dominion title to the property sold or transferred, and hence a notice of attachment levied thereon may be entered on the registry; and that the title of the purchaser or transferee at the tax sale cannot be recorded until the redemption period expires. It might suffice to say that inasmuch as the properties were already recorded in the registry in the name of The People of Puerto Rico, this, of itself, is an obstacle to the entry of notice of the attachment levied on any interest which Francisco del Moral may have as heir of his mother, in accordance with section 17 of the Mortgage Law, which prescribes that after any deed conveying the ownership or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property right, can be recorded or entered. However, we desire to say that the certificate of purchase or award in a tax sale conveys the property to the purchaser or transferee and is recordable notwithstanding the right of redemption granted by law to the debtor. Such a right is in the nature of a resolutory condition, inasmuch as it only binds the purchaser or transferee to return the property received upon the occurrence of the prospective event. While the condition exists, the only right of the former owner of the property sold or awarded is to redeem it by complying with the requirements prescribed by law. This species of sale is similar to a sale with the right to repurchase (*retroventa convencional*), in which title passes to the purchaser and is recorded in his favor subject to the right of repurchase, the sale becoming absolute once the period for redemption expires.

The decision appealed from must be affirmed.